Opinion issued December 18, 2003.







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01316-CR




DANIEL JAMES SIXTA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 923949




MEMORANDUM OPINION
           Appellant, Daniel James Sixta, was charged by indictment with the offense of
intoxication manslaughter. Appellant filed a stipulation admitting that he had twice
previously been convicted of driving while intoxicated (DWI). A jury found appellant guilty
and sentenced him to 20 years’ confinement. Appellant contends, in six points of error, that
the trial court erred by requiring him to plead to his previous DWI convictions before the jury
at the start of the guilt/innocence phase and, in one point of error, that the evidence was
legally insufficient. We affirm.
BACKGROUND
           Appellant and Carolyn Messen were longtime associates, occasionally dating and
living together at one point. On February 21, 2002, appellant drove Messen to an
appointment at a beauty salon at 3:00 pm. Messen had stayed at his house the night before. 
Appellant dropped her off at the salon and entered a nearby pool hall. About three hours
later, Messen called appellant, and he returned to the salon. Messen could tell he had been
drinking. They went to dinner at a nearby restaurant. During the dinner, appellant continued
to drink. After the dinner, Messen and appellant went to a bar where they ordered drinks and
played video games. They both had more than one drink each before leaving the bar.
           Appellant pulled his SUV out onto FM 1960 and started driving back to his house. 
Messen testified that appellant was driving aggressively and a little bit too fast. A car turned
in front of appellant at the intersection of FM 1960 and Jones Road. Messen testified that
she saw the car turning in front of them and screamed appellant’s name, but that they hit the
car. Officer David Pearson, who performed an accident reconstruction at the scene,
estimated that appellant was driving approximately 61 miles per hour as he approached the
Taco Cabana where complainant pulled out, and, at the point of impact, appellant’s vehicle
had a speed of 52 miles per hour. The complainant’s vehicle was traveling at about five miles
per hour. The posted speed limit for the area was 45 miles per hour.
           Martha Alford was driving the car appellant hit. Linda Coble, the complainant, was
a passenger in the vehicle. They had pulled into the left-hand turn lane of FM 1960 to turn
into the Taco Cabana driveway, which was on the corner of FM 1960 and Jones Road. 
Alford testified that she had stopped in the turn lane and that there were no vehicles in front
of her and nothing in between her vehicle and the traffic light for the intersection. All of the
vehicles she noted were stopped and waiting for the light to change. Alford testified that as
she began to make the turn into the driveway, Coble yelled “Watch out!” Alford turned to
Coble and said “What?” just as appellant’s vehicle hit their car. Coble was knocked
unconscious by the impact and never regained consciousness.
           According to Jennifer Kercho, an emergency medical technician called to the scene
of the accident, appellant seemed a bit nervous and was walking around and mumbling. She
stated that she saw him spray some mouth spray into his mouth and that he asked her and a
firefighter for cigarettes. Kercho did not smell alcohol on appellant and said that, although
appellant was walking quickly, he was walking normally. A witness to the accident, Kenneth
Bradshaw, testified that when he spoke to appellant after the accident, he smelled alcohol on
his breath. 
           Messen testified that, after the accident, appellant tried to get rid of some empty beer
containers that were in the SUV. She further testified that appellant told her not to tell the
police that they had just come from a bar. Pearson testified that appellant’s eyes were
bloodshot, that his speech was thick, and that there was a strong odor of alcohol on his
breath. He gave appellant a field sobriety test, which appellant failed, and then took him into
custody.


 Appellant was taken to Cypress Fairbanks Medical Center Hospital for a blood
sample. The triage nurse who took the sample testified that appellant smelled like alcohol,
but that he was able to walk on his own and that his speech was coherent. 
DISCUSSION
           Appellant, in his first through sixth points of error, asserts that the trial court erred in
requiring him to plead to the indictment paragraphs concerning prior convictions for DWI
before the jury at the beginning of the guilt/innocence phase after he had stipulated to the
DWI convictions. Appellant filed a motion to quash the indictment, in which he objected to
paragraphs in the indictment alleging that there was an open container in the car, that the car
was a deadly weapon, and that appellant had two prior convictions for DWI, as surplusage
which need not be pled. The motion asserted that, if the State were allowed to read these
surplus paragraphs to the jury, there would be prejudice to appellant. The trial court heard
and overruled appellant’s motion. Appellant subsequently filed a stipulation of evidence in
which he admitted that he had been twice convicted of DWI. 
           Appellant attests that, prior to voir dire examination, the trial court informed him that,
despite his stipulation to his previous DWI convictions, he would be required to enter a plea
of “true” or “not true” before the jury to the two DWI paragraphs of the indictment. 
Appellant did not object to being required to enter a plea before the jury at this time. At trial,
in the presence of the jury, appellant pled “not guilty” to the indictment charging him with
intoxication manslaughter and “true” to the paragraphs stating that he had previous DWI
convictions. 
           To preserve error for appellate review, the error must be objected to and an adverse
ruling obtained. Tex. R. Evid. 103(a). A defendant must continue to object each time
objectionable evidence is offered to preserve error. See Fuentes v. State, 991 S.W.2d 267,
273 (Tex. Crim. App. 1999). Complaints on appeal must comport with a trial court objection
or nothing is presented for review. Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim. App.
1992).
           Appellant did not object at trial to being required to plead to his previous DWI
convictions.


 Therefore, appellant has waived his points of error in relation to this complaint. 
We overrule appellant’s first through sixth points of error.
Legally Sufficiency
           Appellant, in his seventh point of error, contends that the evidence was legally
insufficient as a matter of law to support his conviction for intoxication manslaughter
because the actions of the driver of Coble’s car were alone sufficient to cause the collision
and appellant’s actions in driving his vehicle were insufficient. Specifically, appellant points
to testimony that Coble’s vehicle did not appear to stop prior to making the left turn, that
there was no time for appellant to react and stop when Coble’s vehicle moved in front of him,
that the road was wet, and that Pearson initially allocated the factors causing the collision to
Coble’s vehicle, namely Coble’s failure to yield right of way while turning left and Coble’s
inattention.
           In reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Under both legal and factual sufficiency, the
jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to the witnesses’ testimony. Penegraph v. State, 623 S.W.2d 341, 343 (Tex Crim.
App. 1981).
           In the instant case, appellant was driving aggressively and, according to the accident
reconstruction, was exceeding the speed limit. Appellant had been drinking throughout the
day. There was testimony that, shortly after the accident, appellant had slurred speech and
was unsteady on his feet. The blood test showed that appellant’s blood/alcohol content was
between .227 and .229, nearly three times the legal limit. While there was some testimony
that the roads were wet, there was also testimony that, at the time of the collision, the roads
were dry. Alford, the driver of the car in which Coble was riding, testified that she did stop
in the turn lane and only proceeded to turn when her path to the Taco Cabana driveway was
clear. Further, although Bradshaw testified that he did not see complainant’s car stop, he also
stated that her car was “moving rather slowly . . . it was not like someone was just like
whipping out in front of someone. It was a deliberate turn.” 
           Pearson testified that, while his initial allocation of the factors causing the accident
were to Coble’s vehicle, he had not performed a detailed accident reconstruction at that time
to determine whether the accident could have been avoided. Pearson also testified that, in
his opinion, the injuries to Coble would have been much less severe had appellant been
traveling at the posted speed limit and that the accident might not have occurred at all had
appellant not been drinking. Finally, the jury was properly charged on the law of concurrent
causation.
           The jury, as the finder of fact, was entitled to weigh the credibility of the witnesses
and to determine who they chose to believe. After viewing the evidence in the light most
favorable to the prosecution, we find that a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. We overrule appellant’s
seventh point of error.
CONCLUSION
           We affirm the judgment of the trial court.
 
 
                                                                  Sam Nuchia
                                                                  Justice
Panel consists of Justices Taft, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).